Filed 1/25/16  P. v. Escalera CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042006 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1231076) |
| v. | |
| MIGUEL GARCIA ESCALERA, | |
| Defendant and Appellant. | |

Pursuant to a plea agreement, defendant Miguel Garcia Escalera pleaded no contest to two counts of selling a controlled substance (methamphetamine) (Health & Saf. Code, § 11379, subd. (a), counts 1 & 2),[1] one count of possessing a controlled substance (methamphetamine) for sale (§ 11378, count 6) and one count of possession of marijuana for sale (§ 11359, count 7).  Escalera also admitted a prior strike conviction.

After the trial court denied his *Romero*[2] motion, Escalera was sentenced to a total term of 10 years eight months in prison, awarded credits and ordered to pay various fines and fees, detailed below.

We appointed counsel to represent Escalera in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.  We notified Escalera of his right to submit written argument in his own behalf within

---

[1] Unspecified statutory references are to the Health and Safety Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

30 days. That period has elapsed, and we have received no written argument from Escalera.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In March 2012, an undercover narcotics officer contacted Escalera and arranged to purchase one eighth of an ounce of methamphetamine. After the transaction was complete, Escalera informed the officer he could sell him quality marijuana for $800 a pound and the officer said he would consider it. They also arranged to meet the following day so the officer could purchase one ounce of methamphetamine.

After the officer successfully purchased methamphetamine from Escalera on several occasions, he obtained a narcotics search warrant and arranged to meet with Escalera again to "conduct a 'buy-bust' operation and serve the [s]earch [w]arrant." Escalera was arrested at that meeting.

Officers served the search warrant at Escalera's residence, confiscating "7.1 grams of suspected methamphetamine, two digital scales, about 2.8 pounds of marijuana that was packaged in 13 separate plastic bags in varying amounts, a 'pay-owe' ledger, and $2,373.00 in cash." Escalera waived his *Miranda*[4] rights and explained the cash was money he earned from working and the marijuana was for medicinal purposes, though he admitted he did not have a prescription or medical marijuana card.

As for the methamphetamine, Escalera said it had been given to him long ago by a friend and he had been told he could sell it to make money. He denied ever attempting to sell it, said he was not involved in drug trafficking and did not know the value of the drugs. When officers advised him they had observed him selling drugs on several

---

[3] As Escalera pleaded no contest, the facts are taken from the probation report, which derived its information from a report prepared by the Santa Clara Police Department.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

occasions, Escalera said he had given methamphetamine to "Oscar" approximately four times, but had "never accepted payment."

Escalera was charged by complaint with five counts of selling methamphetamine (§ 11379, subd. (a), counts 1-5); possessing methamphetamine for sale (§ 11378, count 6) and possessing marijuana for sale (§ 11359, count 7). It was further alleged that Escalera had a prior "strike" conviction (Pen. Code, §§ 1170.12, 667, subds. (b)-(i)).

Escalera posted bail, but failed to appear on June 7, 2012. His attorney subsequently filed a request for exoneration of bail on the ground that Escalera had been indicted for illegal re-entry to the United States under 18 United States Code section 1326.

The Santa Clara County District Attorney sought temporary custody of Escalera, who was serving a sentence in the United States Penitentiary in Tucson, Arizona. Escalera was returned to the Santa Clara County superior court on October 4, 2013.

On April 15, 2014, Escalera entered pleas of no contest to two counts of selling methamphetamine (counts 1 & 2), possessing methamphetamine for sale, count 6, and possessing marijuana for sale, count 7. He also admitted the prior strike conviction. The parties agreed that Escalera would be sentenced to state prison, as follows: (1) for a term not to exceed 10 years eight months; (2) his sentence was to be served concurrent to his federal sentence; and (3) his concurrent term was to begin on October 3, 2013. The remaining counts were to be dismissed and Escalera retained the right to request that the court strike the "strike" under *Romero*.

After the court denied Escalera's *Romero* motion, it sentenced him to state prison for an aggregate term of 10 years eight months.[5] The trial court imposed fines, fees and

---

[5] The breakdown of Escalera's consecutive terms is as follows: (1) on count 1, the middle term of three years, doubled to six years; (2) on count 2, one-third the middle term of three years (one year), doubled to two years; (3) on count 6, one-third the middle term (continued)

assessments totaling $1,473.75, consisting of a $264 restitution fine (Pen. Code, § 1202.4), a $200 criminal laboratory analysis fee plus penalty assessment (§ 11372.5), a $600 drug program fee (§ 11372.7), a $160 court operations assessment (Pen. Code, § 1465.8), a $120 criminal conviction assessment (Gov. Code, § 70373); and a $129.75 criminal justice administration fee to the City of Santa Clara (Gov. Code, §§ 29550, 29550.1, 29550.2).

The trial court stayed payment of the various fines, fees and assessments until the conclusion of his sentence and awarded Escalera a total of 969 days of credit for time served, consisting of 485 custody credits and 484 conduct credits pursuant to Penal Code section 4019.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.    DISPOSITION

The judgment is affirmed.

---

of two years (eight months), doubled to 16 months; and (4) on count 7, one-third the middle term of two years (eight months), doubled to 16 months.

 

                                                           _____

                                                                    Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.